[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action to foreclose a mortgage. By agreement of the parties the trial was bifurcated with the issue of liability being tried and, if the ruling is in favor of the plaintiff, a hearing would then be held to determine the debt and law days.
By special defense, the defendants claim they were not in default at the time the plaintiff declared a default, and that any post due payments and late charges were tendered and accepted by the plaintiff
On October 14, 1994, the defendants executed an adjustable rate note and a mortgage to the Shawmut Mortgage Company. Shawmut later merged with Fleet Mortgage Company, which then assigned its interest in the mortgage to Fleet National Bank. In turn, Fleet Bank assigned the mortgage to R.I. Waterman Properties, Inc., a wholly owned subsidiary which handles Fleet Bank's foreclosure accounts.
The plaintiff has proved by a preponderance of the evidence that it, or its wholly owned subsidiary is the correct holder of the note by virtue of its merger with Shawmut Bank and Shawmut Mortgage Company, even though, technically, Fleet Mortgage assigned only the mortgage to Fleet Bank, and not the note. CT Page 15503
The evidence established that the note was not assigned to any other non-Fleet Bank entity. The mere transfer of a mortgage is enough to confer standing. See Construction Services of Bristol, Inc. v. SanserMill Association, Superior Court, Judicial District of Middlesex D.N. 64273 (March 17, 1992, Arena, J.).
The evidence further established that as of March 2000, the note was in default and a thirty day demand letter was sent to the defendants. (Exhibit D).
The defendant claims that he spoke with a Mr. Beckenhauser (phonetic spelling) in May and they reached an understanding about Fleet accepting partial payments until the arrearages were cured. He claims he sent three checks to the bank but they were returned to him through bank error (uncashed), and that because he assumed they were cashed, when he later realized they had not been, he no longer had sufficient funds to cover replacement checks. The Court does not credit the defendant's version. He submitted one carbon copy from his check register indicating that on June 1, 2000, a check for one month's payment may have been made. That carbon indicated it was for the May payment ($1787). Although he had a check register, he did not produce carbons for the other checks purportedly sent. It is also not credible that the defendant, who was himself in the corporate lending department of Shawmut and Fleet Banks before starting his own business and who is an experienced financial officer, would not know that some $6,000, for uncashed checks were still in his account.
In fact the record and evidence establishes that he fell behind in his mortgage payments, that between the months of June and July 2000, he had many telephone conversations with bank employees all in an effort to work out a payment schedule, for example by paying two mortgage payments (when he was four payments behind). He was also resisting paying late charges of over $1,600. In short, he was having financial difficulties, and was unable to make his monthly payments, and unable to make arrangements satisfactory to the bank to become current. (Reference is made to Exhibit F, which is a record of the discussions between June and July 2000, which culminated on July 31, 2000 with the defendant advising the bank that he had no money to settle the matter and that he would seek to refinance). The foreclosure action commenced in September 2000.
The Court finds the issue of liability in favor of the plaintiff. The matter shall be scheduled for hearing at short calendar to determine the remaining issue of debt, nature of the foreclosure and law days.
Klaczak, J. CT Page 15504